# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0004, <u>State of New Hampshire v. Travis Martein</u>, the court on December 6, 2018, issued the following order:**

Having considered the brief, the memorandum of law, and the record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). We affirm.

The defendant, Travis Martein, appeals his conviction, following a jury trial in Superior Court (<u>Temple</u>, J.), on a charge of falsifying physical evidence. <u>See</u> RSA 641:6 (2016). He contends that the evidence was insufficient to establish, beyond a reasonable doubt, that, when he disposed of a knife with which he had stabbed someone, he acted with the purpose of impairing the knife's availability in an investigation of the stabbing. <u>See</u> <u>id</u>. Because the defendant failed to preserve this issue, he requests that we review it for plain error. <u>See</u> <u>Sup. Ct. R.</u> 16-A.

A challenge to the sufficiency of the evidence raises a claim of legal error that we review <u>de</u> <u>novo</u>. <u>State v. Cable</u>, 168 N.H. 673, 677 (2016). The defendant bears the burden of demonstrating that the evidence was insufficient. <u>State v. Roy</u>, 167 N.H. 276, 292 (2015). We objectively review the record to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt, considering all the evidence and all reasonable inferences therefrom in the light most favorable to the State. <u>Id</u>. We examine each evidentiary item in the context of all the evidence, not in isolation. <u>Id</u>. Further, the trier of fact may draw reasonable inferences from facts proved and also inferences from facts found as a result of other inferences, provided they can be reasonably drawn therefrom. <u>Id</u>.

The defendant argues, and the State does not contest, that, at trial, the State relied solely upon circumstantial evidence to prove his intent. Circumstantial evidence may be sufficient to support a finding of guilt beyond a reasonable doubt. <u>Id</u>. To prevail upon a sufficiency of the evidence challenge when the evidence as to an element of the charged offense is solely circumstantial, the defendant must establish that the evidence does not exclude all reasonable conclusions except guilt. <u>Id</u>. The proper analysis is not whether every possible conclusion consistent with innocence has been excluded, but, rather, whether all reasonable conclusions based upon the evidence have been excluded. <u>Id</u>. We do not just determine whether the defendant has suggested another possible hypothesis that could explain the events in an exculpatory

fashion.  Id.  Rather, we evaluate the evidence in the light most favorable to the State and determine whether the alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt.  Id.

In this case, the defendant argues that, when he threw the knife out the sunroof of his vehicle into a construction area just before being stopped by police, "he acted not with the conscious object to impair the knife's availability, but rather out of stress-induced confusion."  He points to his statements to the police that, when he left his house with the knife, "he was under the impression that he was bleeding out" from a bullet wound in his thigh, "he wasn't thinking clearly," and "he was worried that he had just stabbed someone."

However, a rational juror could have concluded that the defendant's actions did not reflect confusion.  After the defendant was shot in the thigh by one assailant, he continued to struggle with another assailant, and, when they ended up in the defendant's bedroom, the defendant had the presence of mind to retrieve a "ka-bar" military-style knife, unsheathe it, and stab his assailant.  The defendant then went downstairs with the knife, collected his car keys, got into his vehicle, and drove in a direction away from the nearest hospital.

A detective testified that, had the defendant taken the direct route to the hospital, he would have driven through a developed business district.  By going in the direction he chose, he drove through a residential neighborhood with brush and wooded areas, where he threw the knife through his vehicle's sun-roof and down a slope into a construction site.

When the defendant was stopped by a police officer immediately thereafter for speeding and driving without his headlights illuminated, the officer testified that the defendant immediately "jumped out" and followed the officer's directions.  Another officer testified that the defendant described the man who shot him in detail and identified the vehicle his assailant was driving and the address to which he believed his assailant was heading.  He also warned the officer that he believed the assailant still had a gun.  The defendant said nothing to the officers about having stabbed a man or having disposed of the knife he had used.

The defendant had a second conversation with police officers in the emergency department while he was awaiting surgery for his gunshot wound.  At that time, the defendant said that he had been attacked by three or four men, that he had "pushed" them off and run to his bedroom, that the men had begun kicking in the door, that he had picked up a knife and "held it out in front of him and said, get away, I'll defend myself if I have to," and that this caused the men to run away.  The defendant could not describe the knife, where or how he had acquired it, or where it was.  The officer testified that the defendant's answers to those questions were "I don't know[,] I don't remember, [and] I can't recall."  The

officer further testified that there was time for the defendant to provide more information.

Not until his third conversation with police, after his surgery, did the defendant disclose that he had stabbed someone and inform the police where he had thrown the knife. The defendant told the police that he thought "he was bleeding out" and that, when he realized that he still held the knife, he threw it out of the vehicle.

Approximately ten days later, the defendant was interviewed by police, at which time he said "he felt he was shot, he was injured, and he was bleeding out, so he protected himself" by stabbing the other man. He also said that, when he threw the knife out of the vehicle, he was concerned that he had just stabbed someone and that he was not thinking clearly.

The defendant argues that, when he was first stopped by the police, he was "preoccupied with his need for medical treatment, and no inference of guilt can reasonably attach to his failure then to mention the knife." However, the jury could have reasonably inferred from the defendant's detailed statements about the man who shot him that he could have made an equally detailed statement about his use and the whereabouts of the knife.

The defendant argues that, during his second conversation with police, while awaiting surgery, his "lack of clarity or memory about what happened to" the knife was "consistent with confusion." However, the jury was not required to credit the defendant's statement that he did not recall where he put the knife. See State v. Gordon, 141 N.H. 703, 705 (1997) (stating that credibility of witnesses is factual determination). It could have reasonably inferred that the defendant was simply attempting to provide a false exculpatory story.

The defendant argues that his revealing to police, after surgery, where he had thrown the knife, "supports the conclusion that [his] earlier failures to mention the knife or recall its location do not reflect consciousness of guilt." To the contrary, a jury could have reasonably inferred, instead, that it reflected his decision that his prior efforts to conceal the knife would be ineffectual.

The defendant argues that driving away from the nearest hospital and throwing the knife out of the car "do[ ] not defeat the alternative rational explanation of impulsivity and confusion." Even if the defendant's alternative theory were possible, we do not review whether another hypothesis could explain the events in an exculpatory fashion. Roy, 167 N.H. at 292. We conclude that, viewing the evidence in the light most favorable to the State, the defendant has not met his burden to show that his alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. See id. Thus, we conclude that the trial court committed no

3

error, plain or otherwise. <u>See</u> <u>State v. Guay</u>, 162 N.H. 375, 380 (2011) (stating that, to find plain error, there must be error).

<u>Affirmed</u>.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**
